# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GABRIEL GRIFFIN,

                    Petitioner,

v.

SHERIFF ERIC SEVERSON,

                    Respondent.

Case Nos. 17-CV-697-JPS
17-CV-870-JPS

**ORDER**

Petitioner Gabriel Griffin ("Griffin"), proceeding *pro se,* has filed two petitions for a writ of habeas corpus in two separate cases pending before this Court. These actions are related and will be addressed together. Both petitions are brought pursuant to 28 U.S.C. § 2254 and assert the illegality of Griffin's conviction and sentence in a state criminal case.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Griffin's petitions challenge his conviction and sentence in Milwaukee County Circuit Court case number 11-CF-1746. In that case,

Griffin was found guilty, following a jury trial, of criminal trespass to a dwelling and disorderly conduct. He succeeded in arguing to a Wisconsin appellate court that his sentence was contrary to Wisconsin law, and his case was remanded for re-sentencing. He now challenges, in two separate habeas corpus petitions before this Court, the conviction and sentence imposed in that case.

In the first petition, Griffin contends that the state failed to disclose impeachment evidence after his specific request for the same. (Case No. 17-CV-697, Docket #1 at 6–7). In the second petition, he asserts a number of different constitutional issues. (Case No. 17-CV-870, Docket #1 at 6–8). First, Griffin says that his sentence was vacated on appeal, but precisely the same sentence was imposed upon remand, in violation of his due process rights. *Id.* at 6–7. Second, he alleges that because his sentences were unlawful (namely too long), the Wisconsin Department of Corrections violated his Eighth Amendment rights by holding him for longer than what should have been allowed. *Id.* at 7–8. Third, Griffin filed a petition for a writ of mandamus with the Wisconsin Court of Appeals, requesting that the trial court be ordered to give him a proper sentence. *Id.* at 8. He claims that the Court of Appeals' rejection of that petition was based on an unreasonable determination of both fact and law. *Id.* Finally, Griffin asserts without explanation that the Fifth Amendment's protection against double jeopardy was violated by his state prosecution. *Id.* at 9.

Griffin has already attempted to challenge his conviction from Milwaukee County Circuit Court case number 11-CF-1746 in previous federal petitions for a writ of habeas corpus. *See Gabriel Griffin v. Timothy Douma*, 13-CV-616-WEC; *Gabriel Griffin v. Michael Hafemann*, 15-CV-323-WCG. The first of Griffin's prior Section 2254 petitions was dismissed

without prejudice for procedural default. *See* (Case No. 13-CV-616-WEC, Docket #17). The second was dismissed for failure to state a claim. *See* (Case No. 15-CV-323-WCG, Docket #7). Because Griffin has had "one 'full and fair opportunity to raise a [federal] collateral attack'" on his conviction and sentence, *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (quoting *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)), his instant petitions must be dismissed as "second or successive." 28 U.S.C. 2244(b).

Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts. *Altman*, 337 F.3d at 766. Not every petition counts for purposes of Section 2244(b); for example, petitions that were dismissed for "technical or procedural deficiencies that the petitioners can rectify before refiling their petitions" do not count as a prior petition. *Id.* In those cases, later petitions are not considered second or successive and can be filed without permission from the courts of appeals. *Id.* However, petitions that have been denied on the merits and petitions that have been denied based on a procedural default "do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." *Id.*

Here, even if Griffin's first petition in Case No. 13-CV-616-WEC was not a sufficient predicate to make his instant petitions "second and successive," his second petition in Case No. 15-CV-323-WCG certainly was. This Court lacks jurisdiction to entertain an unauthorized second or successive Section 2254 petition. *Curry v. United States*, 507 F.3d 603, 604–05 (7th Cir. 2007). Griffin has not provided a certification from the Court of Appeals authorizing the instant petitions, and they must, therefore, be dismissed.

Finally, under Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." That is true even when a movant is appealing from the dismissal of an unauthorized second or successive motion. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). To obtain a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the analysis above, reasonable jurists would not debate whether Griffin's petitions should have been resolved in a different manner. As a consequence, the Court is compelled to deny a certificate of appealability as to Griffin's petitions.

Accordingly,

**IT IS ORDERED** that Griffin's petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Case No. 17-CV-697-JPS, Docket #1) and (Case No. 17-CV-870-JPS, Docket #1) be and the same are hereby **DENIED;**

**IT IS FURTHER ORDERED** that certificates of appealability as to Griffin's petitions (Case No. 17-CV-697-JPS, Docket #1) and (Case No. 17-CV-870-JPS, Docket #1) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that both actions, (Case No. 17-CV-697-JPS) and (Case No. 17-CV-870-JPS), be and the same are hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge